IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br><br>vs.<br><br>PETER V. BULLER,<br><br>                Defendant. | 8:23CR215<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, offers its written Sentencing Memorandum in advance of the sentencing hearing scheduled for May 2, 2025.

**Procedural History**

The defendant was charged as a result of his involvement with a Mexico Source of Supply (SOS) of methamphetamine who supplies the Omaha, Nebraska and Council Bluffs area. The defendant was a local courier who was distributing the SOS's methamphetamine in Nebraska and Iowa.

On September 12, 2023, investigators with the Criminal Interdiction Unit seized a package containing approximately 26 pounds of methamphetamine (testing confirmed more than 4.5 kilograms of actual) being shipped to an Omaha residence. On the same date, investigators delivered the package to the Omaha residence where it was accepted by a party who was thereafter arrested and agreed to work with investigators.

The party called the Source of Supply in Mexico and requested the intended recipient of the package come and retrieve it. A few hours later Peter Buller arrived at the Omaha residence

and was detained after investigators received information that he was there to retrieve the package containing the meth.

During a post arrest statement, Buller admitted that he was being paid to pick up the package and was instructed to deliver it elsewhere. A search of Buller's phone revealed numerous contacts with his Mexico Source of Supply and evidence of multiple prior drug distributions.

An Indictment was filed for drug conspiracy on October 17, 2023, charging the defendant with one count of drug conspiracy of 500 grams or more of methamphetamine and one count of possession with the intent to distribute 500 grams or more of methamphetamine in Count I, and knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in Count IV. (Filing No. 1). On January 17, 2024, the Grand Jury for the District of Nebraska returned a five-count Superseding Indictment which again named Buller as one of the codefendants. (Filing No. 61). Buller was charged in Count I with violating Title 21, United States Code, Section 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He was also charged in Count IV with violating Title 21, United States Code, Section 841, possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

On October 20, 2023, the defendant had his initial appearance on the indictment. The Government did not oppose the defendant's release on conditions proposed by Pretrial Services. On January 30, 2024, the defendant waived his personal appearance at the arraignment for the

Superseding Indictment. The defendant entered his plea of not guilty on all counts on the record (Filing No. 103).

On February 6, 2025, the defendant pled guilty to Counts I and IV of the Superseding Indictment. The plea of guilty was accepted. There was no Plea Agreement. Presentence Investigation and Report requested. The Order Setting Conditions of Release was rescinded because the defendant was now in state custody. The defendant was remanded to the custody of the U.S. Marshal. (Filing No 302; Filing No. 304).

On March 20, 2025, a Revised Presentence Investigation Report and was sent to the parties calculating a BOL 38 (RPSR ¶ 40, 46), finding the offense involved the importation of methamphetamine (RPSR ¶ 47) and the defendant qualified for the Safety Valve (RPSR ¶ 48), and after Acceptance of Responsibility (RPSR ¶ 54), a Total Offense Level 35 (RPSR ¶ 55), and a Criminal History Category III, with a guideline imprisonment range of 210 months to 262 months (RPSR ¶ 139).

The defendant filed Objections to the Revised Presentence Investigation Report Motion (Filing No. 330) and a Motion for Variance (Filing No. 335) on April 17 & 18, 2025. In his Objections to the Revised Presentence Investigation Report, Buller objects to the failure to award a four-level role reduction under United States Sentencing Guideline (U.S.S.G.) § 3B1.2. (Filing No. 330 at 2). The government agrees with the Probation Officer's Response in the Revised Presentence Report that the totality of circumstances do not warrant a mitigating role adjustment under USSG § 3B1.2. (RPSR p. 44).

Defense counsel also questions "Where/what is the evidence that the drugs – not the other defendants, not the co-conspirators, not the directives, not the phone numbers, but the drugs

3

themselves – originated in Mexico? Mr. Buller puts the United States to its burden of proving that these drugs originated outside of the United States and were imported." (Filing No. 330 at 7).

As a result, the Government will call Special Agent Thane Palmer who will testify that it is common knowledge among all methamphetamine distributors that methamphetamine is manufactured in Mexico. In this case Buller was communicating directly with his Source of Supply which the evidence shows Buller knew was located in Mexico. The agent has investigated hundreds of methamphetamine cases and interviewed hundreds of methamphetamine dealers. He has never encountered a situation where bulk methamphetamine was manufactured anywhere but Mexico, and never encountered a defendant who believed their methamphetamine was manufactured anywhere but Mexico. Drug dealers commonly refer to methamphetamine as "Mexican Dope."

In the defendant's Motion for Variance he argues that regardless of the resolution of the objections, he is safety-valve eligible and requests a sentence of no more than 70 months. (Filing No. 335 at 1). The government opposes any variance and believes a guideline sentence is warranted based on the defendant's involvement in the conspiracy to distribute multiple pounds of methamphetamine.

On April 25, 2025, a Sentencing Recommendation was sent to the parties and the Court recommending a sentence 210 months' imprisonment and a 3-year term of supervised release on Counts I and IV, to run concurrently.

**Sentencing**

The government believes the PSR has been calculated correctly, that the defendant does not qualify for a role reduction, and that the importation enhancement has been properly applied. The government intends to call the case agent briefly to explain where all bulk methamphetamine is known to be manufactured and imported from. At sentencing the government will ask the Court to follow the Sentencing Recommendation of the Probation Office and sentence the defendant to the low end of his calculated Guideline Range.

**Conclusion**

At the sentencing hearing, Plaintiff will ask the Court to sentence the defendant to a term of imprisonment of 210 months' imprisonment.

                    MATTHEW R. MOLSEN
                    Acting United States Attorney
                    District of Nebraska

By:    s/ Thomas J. Kangior
        THOMAS J. KANGIOR #21496
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE  68102-1506
        Tel: (402) 661-3700
        Fax: (402) 345-5724
        E-mail:  thomas.kangior@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on April 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

Lisa Mayland
U.S. Probation and Pretrial Services Officer
lisa_mayland@nep.uscourts.gov

                                                s/ Thomas J. Kangior
                                                THOMAS J. KANGIOR
                                                Assistant U.S. Attorney